**Lola Pearl HARVEY, Plaintiff,**

v.

**De Witt TREDER, et al., Defendants.**

**No. CV 85–2928.**

United States District Court, E.D. New York.

May 18, 1988.

William West, Office of Suffolk County Atty., Hauppauge, N.Y., for defendants.

Jay Gallinger, Office of DiLorenzo & Weber, Hauppauge, N.Y., for plaintiff.

**MEMORANDUM AND ORDER**

GEORGE C. PRATT, Circuit Judge (Sitting by Designation):

This action under 42 U.S.C. § 1983 asserted two claims: (1) race discrimination in defendants' having discharged plaintiff from the Suffolk County Police Academy and the position of police officer, and (2) denial of a property right without due process of law in defendants' having refused to reinstate plaintiff as a community service aid. The first claim was tried jointly with a companion case, *Antonio Esparra v. De Witt Treder et al.*, No. CV 85–2929,

to a jury on May 9 through May 13, 1988. The jury found in a special verdict that in discharging plaintiff from the police academy the defendants did not intentionally discriminate against her because of her race. That disposed of plaintiff's first claim.

With respect to the second claim, for reasons stated on the record on May 15, 1988, this court found defendants liable for having deprived plaintiff of her position as a community service aid without affording her due process of law. Evidence with respect to the damages suffered by plaintiff and the attorney's fees chargeable as a result of defendants' misconduct was taken on May 17, 1988, and the court on the record rendered an oral decision granting to plaintiff $5,000 in compensatory damages and $5,474.50 as a reasonable attorney's fee.

Counsel stipulated on the record that any judgment in this case would be entered against the County of Suffolk alone and not against any of the individual defendants. The court denied defendants request for costs with respect to the discrimination claim, and limited plaintiffs costs to the sum of $70 which was included in the indicated award for attorney's fees.

Accordingly, the clerk is directed to enter judgment in favor of the plaintiff and against the County of Suffolk in the sum of $5,000 compensatory damages plus $5,474.50 reasonable attorney's fee for a total of $10,474.50. The action against all other defendants is dismissed without costs.

SO ORDERED.